IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LOUIS WILKINS,

    Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA; HSBC NORTH AMERICA HOLDINGS, INC. LONG TERM DISABILITY PLAN,

    Defendants.

No. C 10-02940 JSW

**ORDER DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Now before the Court are the cross-motions for summary judgment in the above-captioned matter. The Court has considered the parties' papers, relevant legal authority, and it finds these motions are suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for February 1, 2013 is VACATED.

The parties agree that *de novo* review applies. Under *de novo* review, the Court must determine whether Plaintiff Louis Wilkins ("Wilkins") is disabled under the terms of the Plan without deference to either party's interpretation. *See Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) (Under de novo review, "[t]he court simply proceeds to evaluate whether the plan administrator correctly or incorrectly denied benefits."). The Court must determine whether Wilkins is "entitled to benefits based on the evidence in the administrative record and other evidence as might be admissible under the restrictive rule of *Mongeluzo [v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938 (9th Cir. 1995)]." *Opeta v.*

*Nw. Airlines Pension Plan for Contract Employees*, 484 F.3d 1211, 1217 (9th Cir. 2007) (internal quotation omitted). The Court determines that it cannot grant summary judgment in favor of either party because the Court will need to evaluate the persuasiveness of conflicting evidence. *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1095 (9th Cir. 1999). Therefore, the Court DENIES both parties' motions for summary judgment.

"[T]he district court should exercise its discretion to consider evidence outside of the administrative record *only* when circumstances *clearly establish* that additional evidence is *necessary* to conduct an adequate de novo review of the benefit decision." *Opeta*, 484 F.3d at 1217 (internal quotations omitted) (emphasis in original). In light of the similarity between the policy language in the Plan and Wilkins' individual disability policy and the fact that Defendant Unum Life Insurance Company of America ("Unum") determined that Wilkins was disabled in accordance with the individual disability policy, the Court finds that it is necessary to consider the information in Unum's file on Wilkins' individual disability policy in order to conduct an adequate de novo review. Accordingly, by no later than February 8, 2013, Unum shall supplement the record in this case with its file on Wilkins' individual disability policy. The Court further Orders that Wilkins shall file his opening trial brief and supporting evidence by no later than March 8, 2013. Unum shall file its responsive trial brief and supporting evidence by no later than March 29, 2013. Wilkins may file a reply by no later than April 3, 2013.

The Court admonishes Wilkins to focus on demonstrating that the evidence before the Court shows that he is disabled under the terms of the Plan, as opposed to whether Unum was biased in making its determination. The Court notes that because it will review the disability determination *de novo*, it is already established that Unum's interpretation of the Plan is not entitled to any deference. *See Abatie*, 458 F.3d at 963. Moreover, Wilkins bears the burden of showing by a preponderance of the evidence that he is entitled to benefits under the group policy. *See Sabatino v. Liberty Life Assurance Co. of Boston*, 286 F. Supp.2d 1222, 1232 (N.D. Cal. 2003).

The Court HEREBY SETS the bench trial in this matter for April 26, 2013 at 10:00 a.m. If the Court finds that live testimony is necessary to conduct a *de novo* review, the Court will

give the parties notice in advance of the trial date. If the Court determines that the matter is suitable for resolution without oral argument, it will so advise the parties in advance of the trial date.

**IT IS SO ORDERED.**

Dated: January 28, 2013



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE